NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL MCGHEE,<br><br>    Petitioner,<br><br> vs.<br><br>SCOTT KERNAN, Warden,<br><br>    Respondent. | No. C 06-00744 JF (PR)<br><br>ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY; DENYING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*<br><br>(Docket Nos. 36 & 37) |

On May 21, 2008, the Court denied this pro se petition for writ of habeas corpus on the merits and entered judgment in favor of Respondent. On June 18, 2008, Petitioner signed his notice of appeal and motion for certificate of appealability, which were filed with the Court on June 23, 2008. (Docket No. 37.)

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. See id. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983). See Slack, 120 S. Ct. at 1603. In Barefoot, the Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." 463 U.S. at 893 n.4 (citations and internal quotations omitted; emphasis in original). Any doubts about whether the Barefoot standard has been met must be resolved in petitioner's favor. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

The Court denied the instant habeas petition after careful consideration of the merits. The Court found no violation of Petitioner's federal constitutional rights in the underlying state court proceedings. Petitioner has failed to demonstrate that jurists of reason would find it debatable whether this Court was correct in its ruling. Petitioner's request for a certificate of appealability is therefore DENIED. (Docket No. 37.) Petitioner's motion for leave to appeal in forma pauperis (Docket No. 36) is DENIED.

The Clerk shall transmit the file, including a copy of this order, to the Court of Appeals. Petitioner may then ask the Court of Appeals to issue the certificate. See Fed. R. App. P. 22(b).

This order terminates Docket Nos. 36 and 37.

IT IS SO ORDERED.

DATED:  8/8/08

JEREMY FOGEL
United States District Judge